■ JACK HERSHKOWITZ, as Father of ERIC HERSHKOWITZ, an Infant, et al., Appellants-Respondents, v. STEVEN B. MERL et al., Respondents-Appellants.— Appeal by plaintiffs, as limited by their brief, from the portion of a judgment of the Supreme Court, Kings County, as amended by order of said court dated June 19, 1968, which is in favor of defendants Merl upon a directed verdict at a trial solely on the issues of liability; and cross appeals by all the parties from an order of the same court, dated June 29, 1965, which denied the separate motions of all the parties for summary judgment. Amended judgment affirmed insofar as appealed from, with costs to defendants Merl against plaintiffs. No opinion. Appeals from the order dismissed, without costs. These appeals are academic, since the parties went to trial before perfection of the appeals; and since judgment was entered after trial. Further insofar as taken by plaintiffs and defendant Sevel Hotel Corporation (from respective parts of the order) the appeals have been abandoned. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.

■ In the Matter of WILLIAM CAHN, as District Attorney of Nassau County, Respondent, v. PAUL VARIO, SR., Appellant.— Appeal from an order of the County Court, Nassau County, dated March 7, 1969, which summarily adjudged appellant in criminal contempt of court for conduct committed in the presence of the court. On oral motion of the District Attorney of Nassau County, made on argument of the appeal, the appeal is dismissed, without costs. No appeal from such order ordinarily lies, the proper method of review being a proceeding pursuant to article 78 of the CPLR (*People* v. *Longo,* 30 A D 2d 828), since in a summary proceeding the contemnor may not have adequate opportunity to develop a competent record for appellate review and in such circumstances may need an article 78 proceeding to give him the chance to develop the full record required (*People* v. *Zweig,* 32 A D 2d 569). In the instant matter, appellant apparently concluded that the record of his appearance in the County Court was not full enough to support his views that he was improperly punished for contempt of that tribunal and so he brought on a habeas corpus proceeding, which was transformed into an article 78 proceeding and transferred to this court by the Supreme Court, Nassau County. Under the circumstances, the instant appeal is moot and this court will pass upon the issues tendered in the article 78 proceeding (see *People ex rel. Vario* v. *Kreuger,* 32 A D 2d 571). Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.